# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **RUSSELL DALE MORTLAND** | § | |
| | § | |
| **V.** | § | A-06-CA-433-SS |
| | § | |
| **JOSEPH SAMUEL MAIDA IV** | § | |

## REPORT AND RECOMMENDATION

To:   The Honorable Sam Sparks, United States District Judge

The Magistrate Court submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates Judges, as amended.

## DISCUSSION AND ANALYSIS

Before the Court are Petitioner's "Letter of Undertaking or Stipulation" and "Petition for Application for Writ of Habeas Corpus and Notice of Acceptance of Constitution of the United States and Oaths of Office of All Court Officials." According to Petitioner, he was arrested in Hays County, Texas, on September 14, 2005, and charged with fraudulent filing of a financing statement, retaliation, and two counts of filing a false court record. Petitioner requests the Court to issue a writ of habeas corpus and order the immediate return of Petitioner's property seized the day of his arrest.

Because Petitioner is not challenging a final conviction, this claim is properly brought pursuant to 28 U.S.C. § 2241. In <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 93 S. Ct. 1123 (1973), the Supreme Court reiterated the long established principle that "federal habeas corpus does not lie, absent 'special circumstances', to adjudicate the merits of an affirmative defense to a

1

state criminal charge prior to a judgment of conviction by a state court." Id. at 490, 93 S. Ct. at 1127. Petitioner's claims are insufficient under Braden to justify federal habeas relief.[1] The Court finds no special circumstances in this case which would justify a federal court's intervention in Petitioner's state criminal proceedings. Moreover, there is no evidence that Petitioner has exhausted his state court remedies, a prerequisite to federal habeas corpus relief. See Braden, 410 U.S. at 489-90, 93 S. Ct. at 1126. Although Petitioner alleges he filed a state application for habeas corpus relief in the Texas Court of Criminal Appeals on May 2, 2006, he admits no action has been taken on the state application.

## RECOMMENDATION

It is therefore recommended that Petitioner's Application for Writ of Habeas Corpus be denied.

## OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

---

[1] Additionally, the Court should abstain from deciding these issues under the Younger abstention doctrine. See Louisiana Debating & Literary Ass'n v. City of New Orleans, 42 F.3d 1483, 1490 (5th Cir.), cert. denied, 515 U.S. 1145 (1995) (holding that Younger abstention is proper when there is a pending state court action, the state court action implicates an important state interest, and there is an adequate opportunity in the state proceeding to raise constitutional challenges).

injustice. <u>Thomas v. Arn</u>, 474 U.S. 140, 148 (1985); <u>Rodriguez v. Bowen</u>, 857 F.2d 275, 276-277 (5th Cir. 1988).

The clerk is directed to mail a copy of this Report and Recommendation to all parties by return mail, receipt requested.

SIGNED this 12th day of June, 2006.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE